1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
3  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
   Assistant United States Attorney
4
5  DENNIS M. WONG (CSBN 173951)
   Special Assistant United States Attorney
6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (925)803-4760
      FAX: (415) 436-6748
8     Email: dwong@bop.gov
9  Attorneys for Federal Respondent

10                UNITED STATES DISTRICT COURT
11                NORTHERN DISTRICT OF CALIFORNIA
12                     SAN JOSE DIVISION

13 CONCEPCION I. VEGA,                 )   No. 07-CV-04029-JF
14                                     )   E-FILING CASE
           Petitioner,                 )
15                                     )   RESPONDENT'S NOTICE OF MOTION
       v.                              )   AND MOTION TO DISMISS
16                                     )
   SCHELIA A. CLARK, Warden,           )   DATE:  Friday, April 18, 2008
17                                     )   TIME:  9:00 a.m.
           Respondent.                 )
18 _____)

19                          **NOTICE OF MOTION**

20      PLEASE TAKE NOTICE, that on the above date and time, before the Honorable Jeremy

21 Fogel, United States District Judge, 280 South 1st Street, San Jose, California, in Courtroom 3, 5th

22 Floor, or as soon thereafter, the Federal Respondent, Schelia A. Clark, by and through her

23 attorney, the United States Attorney for the Northern District of California, will bring the

24 following Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

25 and Local Rule 7.  This motion is based on the Notice of Motion and Memorandum of Points and

26 Authorities contained in this motion, the declarations filed concurrently herewith, such oral and

27 documentary evidence as may be presented at the hearing on the motion, and any other factors

28
   Respondent's Notice of Motion and Motion To Dismiss
   07-CV-04029-JF                          1

that this Court may wish to consider.[1]

Based on the foregoing, Respondent respectfully requests that this Court dismiss this matter because of 1) mootness, as this Court can not grant any of Petitioner's requested relief, and 2) as Petitioner has failed to exhaust available administrative remedies.

## MEMORANDUM OF POINTS & AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

1. Should this case be dismissed as moot as Petitioner has been released from Bureau of Prisons ("BOP") custody?

2. Should this case be dismissed for Petitioner's failure to exhaust available administrative remedies?

### STATEMENT OF RELEVANT FACTS

Petitioner Concepcion I. Vega ("Petitioner") was a federal prisoner housed at the Federal Prison Camp ("FPC") at Dublin, California. *See* Declaration of Bobbi Butler ("Butler Declaration") at 2. Petitioner challenged a BOP regulation that limits an inmate's placement in a RRC to 10% of their sentence, not to exceed six months.[2] *See* 28 C.F.R. § 570.21(a). Consequently, Petitioner seeks consideration for transfer to a RRC, without regard to the 10% rule. *See* Petition for Habeas Corpus at 5-6.

Petitioner's "10% date," or the date when she began serving the last 10% of her sentence, was December 10, 2007.[3] *See* Butler Declaration at 2. Subsequently, Petitioner was transferred

---

[1] A motion to dismiss is proper in lieu of an answer if there are procedural grounds for dismissal of the habeas petition. *See White v. Lewis*, 874 F.2d 599, 602-603 (9th Cir. 1989); *White v. Ayers*, 2007 WL 1655619, at *7 (N.D.Cal.)

[2] An RRC is a Residential Reentry Center, commonly referred to as a halfway house. *See* Butler Declaration at 2.

[3] The 10% date is computed to carry out the requirements of 18 U.S.C. § 3624(c) ("The Bureau of Prisons shall . . . assure that a prisoner . . . spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.")

Respondent's Notice of Motion and Motion To Dismiss
07-CV-04029-JF                            2

to a RRC on December 10, 2007. *Id*. Petitioner remained at the RRC until January 8, 2008, at which time she was released from BOP custody. *Id* at 3. Petitioner has completed her federal sentence and is no longer under the custody and control of the BOP. *Id.*

**ARGUMENT**

**1.   THIS HABEAS PETITION IS MOOT AS PETITIONER HAS COMPLETED HER FEDERAL SENTENCE AND IS NO LONGER IN BOP CUSTODY.**

As Petitioner has completed her sentence and has been released from BOP custody, a favorable decision requiring the BOP to evaluate Petitioner without regard to the 10% limitation would not redress any injury. Therefore, this petition should be dismissed as moot. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir.1996); *see also Muniz v. Sabol*, 2008 WL 497056, at *3, fn. 9 (1st Cir.) (Matter moot for inmate who was already released, but not moot for inmate who did not yet transfer to a RRC)*; Harvey v. Eichenlaub*, 2007 WL 2782249 (E.D. Mich.) ("Because Petitioner has been released from BOP custody completely, the Court concludes that there remains no actual injury which the Court would redress with a favorable decision.")

**2.   THIS HABEAS PETITION CHALLENGING PETITIONER'S BOP PLACEMENT SHOULD BE DISMISSED AS PETITIONER FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES**

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal Law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added) 42 U.S.C. § 1997e(a).[4] The

---

[4] The PLRA exhaustion statute includes habeas petitions. *See Porter v. Nussle*, 122 S.Ct. at 992 ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life. . . ."). *See also id.* at 989 (". . . when the relevant section is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of all prisoner petitions to a magistrate." *Ibid.* The Federal Magistrates Act, we noted, covers actions of two kinds: challenges to "conditions of confinement"; and "applications for habeas corpus relief." (citations omitted) Congress, we concluded, 'intended to include in their entirety th[ose] two primary categories of suits brought by prisoners.'"). Although *Porter* distinguished between habeas petitions that challenged "the fact or duration of confinement itself; and (2) those challenging the

Respondent's Notice of Motion and Motion To Dismiss
07-CV-04029-JF                                                  3

Supreme Court explained the purpose behind the PLRA's exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. (Citation omitted). In other instances, the internal review might "filter out some frivolous claims." (Citation omitted). And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter*, 122 S.Ct. at 988.

Accordingly, there are broad-reaching reasons why exhaustion is required before filing a lawsuit challenging prison conditions. As Petitioner's habeas petition challenges the place where she will serve her sentence, i.e., community confinement versus a BOP facility, the PLRA applies. *See* Porter, 122 S.Ct. at 992; *see also Jones v. Bock*, 127 S.Ct. 910, 924-925 (2007). Although many courts, including those in this District, have considered the exhaustion argument as a judicial requirement rather than a statutory one (*see Cristoval v. Clark*, 2007 WL 2746742 (N.D. Cal.); *Reyna v. Copenhager*[sic], 2007 WL 2504893 (N.D. Cal.); *Felty v. Clark*, 2007 WL 2438337 (N.D. Cal.), some courts have framed the issue properly: "As exhaustion is required under [case law], the Court need not address [the Government's] argument that exhaustion is also required under the Prisoner Litigation Reform Act because the petition challenges petitioner's 'prisoner conditions.'" *Zavala v. Clark*, 2007 WL 2705216 (N.D. Cal.), at *1.[5] As challenging

---

conditions of confinement," (*id.*) placement into a RRC has nothing to do with the fact or duration of an inmate's confinement as the inmate's release date is unaffected. *See* Beakey Declaration at 2. Instead, moving an inmate to a RRC is akin to transferring an inmate from one BOP location to another. *Id.*

[5] In these Northern District of California cases, the dismissal orders noted the pre-PLRA "futility" exception is inapplicable and cited decisions in the Eastern District of California, *e.g.*, *Whistler v. Wrigley*, 2007 WL 1655787 at *3. Actions taken in response to voluminous litigation filed in other Districts where the resident Judges had already ruled on the relevant legal issues, is not necessarily apposite to cases filed in this District. The United States has appealed an adverse ruling regarding RRC placement from the Eastern District of California to the Ninth Circuit. *See Jose Rodriguez v. Smith*, 9th Cir. Case No. 07-16014, and the BOP continues to apply the regulations except where it appears that due to prior rulings and time constraints, to do so would not be in the public interest due to the waste of judicial and governmental resources.

Respondent's Notice of Motion and Motion To Dismiss
07-CV-04029-JF                                             4

the BOP's determination of where an inmate shall serve his or her sentence clearly is a lawsuit challenging one's prison conditions, the PLRA controls and exhaustion is mandatory. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") Therefore, as Petitioner did not file any administrative remedies while she was in BOP custody, this habeas petition should be dismissed. *See* Burks Declaration.

The release of the inmate does not void the exhaustion requirement. See 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions by ... a prisoner ... *until* such administrative remedies as are available are exhausted" (Emphasis added)). Accordingly, Petitioner may not "retroactively" exhaust, but must exhaust before filing suit. *See Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).

## **CONCLUSION**

Respondent respectfully submits that this case should be dismissed as moot as Petitioner has served her sentence and has been released from BOP custody. Alternatively, Respondent submits that this case should be dismissed under the PLRA as it mandates exhaustion before filing any lawsuit challenging prison conditions, which is what a challenge to § 570.21 concerns, as it challenges the BOP's decision on where to place an inmate for the service of her sentence.

Dated: March 11, 2008                    Respectfully submitted,

                                         JOSEPH P. RUSSONIELLO
                                         United States Attorney

                                  By:    ____/s/_____
                                         Dennis M. Wong
                                         Special Assistant U.S. Attorney

Respondent's Notice of Motion and Motion To Dismiss
07-CV-04029-JF                      5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the U.S. Department of Justice, and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

NOTICE OF MOTION AND MOTION TO DISMISS, PROPOSED ORDER TO DISMISS AND DECLARATIONS OF BOBBI BUTLER AND CECILIA BURKS to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X_      FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_X_      Express Mail (2 Day Federal Express)

____     PERSONAL SERVICE (BY MESSENGER)

____     FACSIMILE (FAX)  Telephone No.:

to the parties addressed as follows:

Concepcion I. Vega
7378 South Zediker
Parlier, CA 93648

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11 day of March 2008, at Dublin, California.

_____
Jennifer Vickers, Paralegal

Respondent's Notice of Motion and Motion To Dismiss
07-CV-04029-JF                                                  6